UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KORYN DeYOUNG,<br><br>                     Plaintiff,<br><br>         v.<br><br>SALON MIRO, et al.,<br><br>                     Defendants. | No. C05-5101RBL<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

      This matter is before the court on Plaintiff DeYoung's Motion for Summary Judgment. [Dkt. #16]. Plaintiff sues her former employer, Salon Miro[1] and its owner, Ronnie Vinton, under the Federal Fair Labor Standards Act and the Washington Minimum Wage Act. She has voluntarily dismissed her breach of contract claim. Defendant has asserted counterclaims for conversion, defamation, and tortious interference.

      Plaintiff seeks summary judgment on all her claims, including an award of damages, fees, and costs. She also seeks dismissal of Defendant's counterclaims.

      The basic facts are agreed upon: Plaintiff was employed by Salon Miro as a manicurist from

---

[1] It is not disclosed whether Salon Miro is a corporation, a sole proprietorship, or some other business entity.

ORDER - 1

1  November 2003 through January 9, 2005.  She was paid on a commission basis, initially 43% and later
2  50%, along with 10% on products.  She was ultimately terminated, and she applied for unemployment.
3
4  That claim was denied, but on appeal Plaintiff was determined to be eligible for those benefits.

5  Plaintiff claims that during her employment she consistently earned less than the minimum wage
6  ($7.01 in 2003; $7.16 in 2004, and $7.35 in 2005).  She seeks reimbursement for the difference between
7  her pay and the minimum wage, penalties, attorneys' fees and costs.

8  Defendant does not directly dispute that he paid the Plaintiff on a commission basis, and has
9
10 suggested that because he did so, he was not constrained by the state and federal regulatory schemes
11 regarding minimum hourly wages.  There are some exceptions to these regulatory schemes, but the plaintiff
12 has shown that they do not apply (and the defendant has not shown that they do).  The Plaintiff's claim that
13 her commission-based compensation was required to equal the minimum hourly wage is correct.
14
15 Defendant also argues (and there is support in the record, in the materials submitted by the Plaintiff,
   including the underlying employment benefits proceedings) that Plaintiff did not charge her clients for some
16
17 of the services she provided.  Defendant's counterclaim for conversion is based upon this allegation.

18 The Plaintiff's evidence of the number of hours for which she should be deemed to have earned the
19 minimum wage consist of a lengthy series of what appear to be work schedules.  They reflect the number
20 of hours that Plaintiff was "scheduled to work" over various pay periods.  Plaintiff claims that she was
21
22 "required" to be present when she was scheduled to work, but does not specifically testify that she was
23 present for each of the hours reflected on the schedules attached to her motion.

24 She argues that she was underpaid $5980.07 (including overtime calculated on the basis of the
25 schedules), and seeks double damages plus attorney fees and costs.  The method of calculation for this
26
27
28

ORDER                                                                                       2

claimed principal amount is not demonstrated. The defendant alleges[2] (and plaintiff admits) that at least some portion of her compensation was made in the form of cash tips. In fact, a notation in a part of the record indicates that credit card tips are reflected in Plaintiff's earnings, but cash tips are not. No effort is made to calculate the amount of cash tips received by the Plaintiff, or the impact that such tips would have on her hourly wage, if they were calculated.

Finally, the record indicates that at least part of the dispute between these parties related to her provision of "free" services to her customers. Taken in the light most favorable to the Defendant, the evidence supports this allegation. Presumably, had she charged all of her clients for her services, Plaintiff would have earned more than she claims she did. For these reasons, Plaintiff's claim that she earned less than the minimum wage over various pay periods, and the amount of damages she may be entitled to, present questions of fact, and her claims cannot be determined as a matter of law on this record.

The court therefore rules on the Plaintiff's Motion as follows:

1. The Federal Fair Labor Standards Act and the Washington Minimum Wage Act apply to Plaintiff's claims, and the fact that she was a commission -based employee does not negate Defendant's obligations to pay the minimum wage.

2. The fact and amount of damages suffered by the plaintiff (as well as the amount of fees and costs to which she is entitled) cannot be determined as a matter of law on the evidence before the court.

3. Defendant's counterclaims for tortious interference and defamation are unsupported and are dismissed with prejudice. Plaintiff's breach of contract claim is also dismissed on her own motion. Defendant's conversion counterclaim survives.

---

[2]Plaintiff objects to the letter form of the pro se defendants' response to its motion. The Plaintiff's objection is noted but the fact the defendant's response is in the form of a letter will not preclude the court from considering it.

ORDER        3

The parties are encouraged to honor their Rule 39.1 obligations. If they cannot resolve the matter there, a trial will follow on the claims and issues described above.

DATED this 10th day of November, 2005.

*/s/ Ronald B. Leighton*
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE